## Pledge of Assets by Banking Institutions

SAYLOR, Deputy Attorney General, December 20, 1933.—You have asked to be advised whether banking institutions under your supervision may pledge their assets to secure the deposit of postal savings funds and custodial funds of the Commonwealth.

Section 1004 of the Banking Code, approved May 15, 1933, P. L. 624, and effective July 3, 1933, provides as follows:

"Pledge of Assets for Deposits.—A bank or a bank and trust company shall not have the power to pledge or hypothecate any of its assets as security for deposits made with it, except for the following:

"(1) Federal, State, municipal, school district, or other public funds.

"(2) Funds deposited by the Secretary of Banking as receiver of an institution of which he has, pursuant to the provisions of law, taken possession.

"(3) Funds deposited by a bank and trust company, in its own commercial department, which funds are being held by such bank and trust company in a fiduciary capacity, and are being deposited by it pending investment or distribution."

The question to be determined is whether postal savings funds and custodial funds of the Commonwealth come within the category of "Federal", "State", or "public" funds.

The Act of Congress, known as the Postal Savings Bank Act, approved June 25, 1910, c. 386, 36 Stat. at L. 814, as amended by the Acts of August 24, 1912, c. 389, 37 Stat. at L. 559, and September 23, 1914, c. 308, 38 Stat. at L. 716 (39 U. S. C. § 751 et seq.), establishes postal savings depository offices and creates a board of trustees to control, supervise, and administer such offices. This board consists of the Postmaster General, the Secretary of the Treasury, and the Attorney General, acting in an ex-officio capacity.

Other sections of the act provide that deposits may be made by any person of the age of 10 years or over, that passbooks shall be issued, that interest shall be allowed and credited at the rate of 2 percent per annum, and that deposits may be withdrawn in whole or in part on demand, without the payment of any exchange or other fees or compensation.

Section 2 of the Act of May 18, 1916, c. 126, 39 Stat. at L. 159, 39 U. S. C. § 759, superseding the somewhat similar section 9 of the Act of 1910, provides, inter alia, as follows:

"Postal savings funds received under the provisions of this chapter shall be deposited in solvent banks, whether organized under national or State laws, and whether member banks or not of the Federal reserve system, being subject to national or State supervision and examination. . . . The board of trustees shall take from such banks such security in public bonds or other securities, authorized by Act of Congress or supported by the taxing power, as the board may prescribe, approve, and deem sufficient and necessary to insure the safety and prompt payment of such deposits on demand. . . . Such funds may be withdrawn from the treasurer of said board of trustees, and all other postal savings funds, or any part of such funds, may be at any time withdrawn from the banks and savings depository offices for the repayment of postal savings depositors when required for that purpose."

This and other sections of the Act of 1910 permit the investment of the postal savings funds in bonds of the United States and the exchange of such bonds for claims of depositors electing to accept them.

Section 12 of the Act of 1910, 39 U. S. C. § 762, requires that: "Postal savings depository funds shall be kept separate from other funds by postmasters and other officers and employees of the Postal Service, who shall be held to the same accountability under their bonds for such funds as for public moneys . . ."

Section 15, 39 U. S. C. § 765, provides that: "All the safeguards provided by law for the protection of public moneys, and all statutes relating to the embezzlement, . . . of postal and money-order funds and the punishments provided for such offenses are hereby extended and made applicable to postal savings depository funds, and all statutes relating to false returns of postal and money-order business, the forgery, counterfeiting, . . . of postal and money-order blanks,

forms, . . . are hereby extended and made applicable to postal savings depository business . . . ."

Section 16, 39 U. S. C. § 766, provides that: "The faith of the United States is solemnly pledged to the payment of the deposits made in postal savings depository offices, with accrued interest thereon as herein provided."

Section 1 of the Act of August 23, 1912, c. 350, 37 Stat. at L. 377, 39 U. S. C. § 769, provides that the Secretary of the Treasury may employ such clerks, etc., as he may deem necessary to transact the business of the postal savings system in the office of the Treasurer of the United States.

Section 10 of the Act of August 24, 1912, c. 389, 37 Stat. at L. 559, 39 U. S. C. § 768, gives the Postmaster General power to designate depository offices, to appoint superintendents, inspectors, and employes, to fix their compensation, and to make rules and regulations with respect to deposits and the withdrawal thereof.

From this legislation, it is apparent that postal savings funds are not Federal funds. They are not payable into the Treasury of the United States. They do not become the property of the Federal Government: Leka, Admx., v. United States, 69 Ct. Cl. 79 (1930). Nevertheless, by virtue of all the safeguards thrown around them by Federal law, of the fact that at all times these funds are under the control of the officers of the United States and of the further fact that the faith of the United States is pledged for their repayment, they are clearly not private funds. They are within the term "public funds" as used in section 1004 of the Banking Code.

We now consider whether or not custodial funds deposited by the State Treasurer are "State" or other "public" funds.

For some time past, the State Treasurer has been responsible for the safe handling and deposit of funds such as cash belonging to the State Employes' Retirement Fund, the School Employes' Retirement Fund, the sinking fund, the State Workmen's Insurance Fund, etc.

The State Employes' Retirement Fund, and other accounts connected therewith, were by the provisions of section 8 of the Act of June 27, 1923, P. L. 858, and section 5 of the Act of May 14, 1929, P. L. 1723, no. 565, consolidated into one fund entitled the "State Employes' Retirement Fund". These acts likewise provide for the building up of such fund by payments to the Department of Revenue by members of the retirement association and by the Commonwealth semiannually.

Section 302 of The Fiscal Code of April 9, 1929, P. L. 343, as amended by the Act of June 1, 1931, P. L. 318, provides for the crediting by the Treasury Department of moneys paid into the State Treasury to the various funds therein listed. Included among such funds is the money in the State Employes' Retirement Fund and allied funds, concerning which subsection 15 provides as follows:

"State Employes' Retirement Fund.—All moneys in the State Employes' Contingent Reserve Fund, the State Employes' Annuity Reserve Fund, the State Employes' Annuity Savings Fund, the State Employes' State Annuity Reserve Fund, and the State Employes' State Annuity Reserve Fund Number Two, shall, upon the effective date of this act, be consolidated into one fund to be known as the State Employes' Retirement Fund, and thereafter the Treasury Department shall credit to the State Employes' Retirement Fund all moneys received by it from the Department of Revenue, arising from (a) payments by the Commonwealth of such amounts, certified by the retirement board as necessary to provide a proper reserve to pay the State annuity to all new members in the State Employes' Retirement System, (b) deductions from the salaries of contributors in the State Employes' Retirement System, and (c) payments by

the Commonwealth of amounts necessary to accumulate a reserve to meet the annuity values of all retiring original members in the State Employes' Retirement System."

Section 302 (12) makes similar provision for the School Employes' Contingent Reserve Fund and allied funds which are consolidated into the School Employes' Retirement Fund. Subsection 19 of the same section makes similar provision for the State Workmen's Insurance Fund, subsection 13 for the sinking fund, etc.

The State Treasurer is made custodian of these various funds; of the State Employes' Retirement Fund by the Act of June 27, 1923, P. L. 858, as amended; of the School Employes' Retirement Fund by the Act of July 18, 1917, P. L. 1043, as amended; of the State Workmen's Insurance Fund by the Act of June 2, 1915, P. L. 762, as amended, etc.

Section 301 of The Fiscal Code provides as follows:

"Deposit of Moneys.—The Treasury Department shall deposit all moneys of the Commonwealth received by it, including moneys not belonging to the Commonwealth but of which the Treasury Department or the State Treasurer is custodian, in State depositories approved by the Board of Finance and Revenue."

Section 505 (2) of The Fiscal Code, as amended, makes it the duty of the Board of Finance and Revenue to select and designate State depositories, and requires that all funds deposited therein shall be secured by the bonds of corporate or individual sureties. In addition, it provides:

". . . That, in lieu of the surety bonds of surety companies or of individuals as aforesaid, the deposit of State moneys may be secured by the deposit with the State Treasurer of United States, municipal or county bonds, to be approved by the board, in an amount measured by their actual market value equal to the amount of deposit so secured and twenty per centum in addition thereto. . . ."

The custodial funds referred to have always been treated in the same manner as funds belonging to the Commonwealth which are deposited by the State Treasurer, and are protected in the manner required by the act quoted.

These various funds are not State funds in the sense that they belong to the Commonwealth or may be disbursed by it for its general purposes. However, the Commonwealth contributes, in part at least, to some of these funds, and administers all of them through its various officers for the benefit of those who are entitled thereto.

In the sense in which the phrase is used in section 1004 of the Banking Code, these are "public funds".

Before the enactment of the Banking Code, there was no statutory prohibition against the pledge of assets by State banking institutions to safeguard the deposit of funds, whether they were public or private. State banks incorporated under the Act of May 13, 1876, P. L. 161, had the power to pledge their assets to secure the deposit of a private individual: Ahl v. Rhoads et al., 84 Pa. 319 (1877). And in Cameron v. Christy, 286 Pa. 405 (1926), it was held that a trust company incorporated under the Act of April 29, 1874, P. L. 73, had authority to pledge its assets to secure county funds deposited in the name of a delinquent tax collector. See our opinion rendered to you on September 10, 1931: Pledge of Assets by Public Depositaries, 16 D. & C. 545. There were no court decisions limiting the right of either banks or trust companies to pledge assets generally to secure deposits, whether public or private.

We are satisfied that in using the general expression "public funds", the legislature intended to continue the right of State banking institutions to pledge assets for the deposit of funds such as those of the postal savings system, the State Employes' Retirement Fund, the School Employes' Retirement Fund, and other custodial funds of the Commonwealth.

In summary, therefore, you are advised that banking institutions under your supervision are authorized by section 1004 of the Banking Code to pledge their assets to secure the deposit of postal savings funds and custodial funds of the Commonwealth.　　　　　　　　　　• From C. P. Addams, Harrisburg, Pa.